[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUA SPONTE DECLARATION OF MISTRIAL
This administrative appeal was commenced by service of a summons and citation on October 30, 1994. On September 5, 1995, the plaintiff made an oral motion to supplement the record with certain minutes and recent decisions of the defendant, Zoning Commission, concerning the plaintiff's zoning application. This court denied the plaintiff's motion the same day. A hearing on the merits of the appeal was conducted on September 6, 1995. CT Page 1298
On September 14, 1995, the plaintiff filed a motion requesting that the court reconsider its denial of the plaintiff's oral motion to supplement the record. The court granted the motion to reconsider and, on January 16, 1996, the court heard argument on the motion to supplement the record. The court denied the motion on January 16, 1996.
The court believes that the 120 day period began to run anew from the date of the denial of the plaintiff's second motion to supplement the record, since the filing of the motion caused the court to review the entire file to determine whether supplementation was necessary. Had the motion to supplement the record been granted, it could not be argued that the 120 day period ran from that date, since supplementing the record places new evidence before the court for consideration.[1]
Moreover, even if the 120 day period had not begun to run anew, following the court's denial of the plaintiff's second motion to supplement the record, the original 120 day period would have expired on January 4, 1996, since the trial of this administrative appeal was completed on September 6, 1995. Once a 120 day period expires the only remedy available to the parties is to file a motion with the clerk of the court for reassignment of the undecided matter within fourteen (14) days of the expiration of the 120 day period. Practice Book § 211A(b). Since the parties have failed to file such a motion they have waived any right to object to the expiration of the period. Practice Book § 211A(b).
Despite the court's belief that it has 120 days from January 16, 1996 to decide the case, the court attempted to reach an consensus with the parties about the 120 day period, and held a hearing for that purpose on January 22, 1996. At that hearing, counsel for all parties agreed that the 120 day period would expire on March 29, 1996. The court asked counsel for written confirmation of their in-court representations.
Confirmation was received from counsel for the defendant Brookfield Zoning Commission, and counsel for the plaintiff as requested. However, on January 26, 1996, counsel for the intervening defendant, Laurel Hill Association, filed a letter stating that notwithstanding her representations to the court, her client "has directed me to withhold consent to the requested waiver." Counsel also asserted that the 120 day period had elapsed prior to the court's hearing on the extension. CT Page 1299
As explained above, even if the 120 day period had expired on January 4, 1996, no request to reassign the matter was filed with the clerk of the court as required by Practice Book § 211A(b). Therefore, any alleged defects have been waived. In addition, the court notes that the Laurel Hill Association, as a statutory intervenor, is only permitted to address environmental issues, not procedural issues. See Mystic Marinelife AquariumInc. v. Gill, 175 Conn. 483, 490, 400 A.2d 726 (1978) (finding that the intervenor had "statutory standing to appeal for the limited purpose of raising environmental issues").
Notwithstanding the above, the court finds that the most appropriate remedy is to declare a mistrial. The court has expended only limited judicial resources in hearing the trial on this administrative appeal, whereas a decision on the merits of the appeal would require the court to expend substantial judicial resources. For those reasons, and since the court's attempt to reach an agreement with the parties as to the applicable 120 day period was unsuccessful, the court believes that a mistrial is warranted under these circumstances.
The court, therefore, declares this matter mistried.
Stodolink, J.